**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rena Mason, | No. CV-26-00120-TUC-SHR |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| United States Secretary for the Department of Health and Human Services, | |
| Defendant. | |

On February 27, 2026, pro se Plaintiff Rena Mason filed a Complaint against Defendant United States Secretary for the Department of Health and Human Services and subsequently filed an Application for Leave to Proceed in Forma Pauperis (IFP). (Docs. 1, 5.) In June, the Court granted Plaintiff's IFP Application and dismissed her Complaint with leave to amend. (Doc. 6.) Plaintiff subsequently filed a First Amended Complaint (Doc. 8) and an accompanying Notice (Doc. 7). For the following reasons, the Court will dismiss Plaintiff's First Amended Complaint with leave to amend.

## I.    STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served. 28 U.S.C. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en

banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by prisoners), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

Rule 8 requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

## II. DISCUSSION

As in her original Complaint, Plaintiff, who is approximately eighty years old,

alleges she received ankle replacement surgery in Tucson in March 2023.  (Doc. 1 at 1.) After surgery, Plaintiff was transported by ambulance to a skilled nursing facility in Benson.  (*Id.*)  Plaintiff alleges Medicare denied her claim for reimbursement for these medical transportation services and has filed a First Amended Complaint challenging this denial.  *See* 42 U.S.C. § 1395w-22(g)(5).

While Plaintiff's Notice accompanying her First Amended Complaint provides the specific amount of reimbursement she is seeking (*see* Doc. 7), Plaintiff has failed to cure the other deficiencies identified in the Court's Order dismissing her original Complaint (Doc. 6).  Although Plaintiff appears to seek judicial review under 42 C.F.R. § 405.1130 and 42 U.S.C. § 405(g), her Complaint fails to clearly allege she exhausted her administrative remedies which is a prerequisite to judicial review.  *Mathews v. Eldrige*, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the [Social Security] Act as a jurisdictional prerequisite.").  In order to obtain a judicially reviewable final decision, a claimant must complete a four-step administrative review process consisting of the following: (1) Centers for Medicare and Medicaid Services (CMS) makes an initial determination about the claimant's entitlement to benefits; (2) CMS makes a determination on reconsideration; (3) the claimant requests a hearing before an Administrative Law Judge within the Office of Medicare Hearings and Appeals (OMHA); and (4) the claimant appeals to the Medicare Appeals Council, an organization independent of both CMS and OMHA.  20 C.F.R. § 404.900; *see* 42 C.F.R. §§ 405.1100(a), 405.1108(a)–(b) (explaining fourth step).

Plaintiff has attached to her First Amended Complaint a decision rendered following a hearing before an Administrative Law Judge at OMHA (Doc. 8-2), but she does not include any allegations or documentation indicating she subsequently appealed OMHA's decision to the Medicare Appeals Council.[1]  Without any allegation or documentation of

---

[1] The Court notes the attached OMHA decision does not appear to include the date on which it was issued, and Plaintiff does not allege the date on which she received it. Under 42 C.F.R. § 405.1102(a)(1), Plaintiff must have requested review of OMHA's unfavorable decision by the Medicare Appeals Council within 60 calendar days from the

Plaintiff's receipt of an unfavorable decision from the Medicare Appeals Council—the fourth step in the administrative review process—the Court is unable to determine whether it has jurisdiction to address Plaintiff's claim. *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction."). If Plaintiff has completed the fourth step, Plaintiff's First Amended Complaint still fails to allege the date on which she received the Medicare Appeals Council's decision, and therefore the Court is unable to determine whether Plaintiff's Complaint is timely. *See* 42 C.F.R. § 405.1130 (stating a party may file an action in federal district court within 60 calendar days of the date the party receives notice of the Medicare Appeals Council's decision).

### III.   LEAVE TO AMEND

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation omitted). If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29; *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity cure the complaint's deficiencies by amendment unless it is "absolutely clear" the plaintiff could not do so).

Because it is not absolutely clear Plaintiff could not cure the First Amended Complaint's deficiencies by amendment, the Court will give her the opportunity to do so. *See Jackson*, 749 F.3d at 767; *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)). The Court will dismiss the First Amended Complaint and grant Plaintiff leave to file a second amended complaint within thirty (30) days from the date of entry of this Order. *See* Fed.

---

date on which she received that decision.

R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

A second amended complaint supersedes the first amended complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the first amended complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the first amended complaint by reference. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file an amended complaint curing all deficiencies described above, Plaintiff is advised this case may be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

## IV.    WARNINGS

### A. Address Changes

Plaintiff must file a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

## V.    CONCLUSION

**IT IS ORDERED** Plaintiff's First Amended Complaint (Doc. 8) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiff may file a

Second Amended Complaint within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file a Second Amended Complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 4th day of August, 2026.

Honorable Scott H. Rash
United States District Judge